IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| DORIS D. RIDDICK, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | No. _____ |
| | § | JURY |
| G. GREGG PETTY, DPM | § | |
| | § | |
| Defendant | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Doris Riddick, and files this Original Complaint against Defendant G. Gregg Petty, DPM, and in support thereof would show unto the Court as follows:

I.

JURISDICTION AND VENUE

This action arises by diversity jurisdiction pursuant to Title 28 § 1332(a)(1) because Plaintiff and Defendant are citizens of different U.S. States and the amount in controversy exceeds the sum of $75,000.00, exclusive of attorney's fees, interest and costs.

II.

At all times relevant, Plaintiff Doris Riddick has been an individual and citizen of the state of Arkansas.

At all times relevant, G. Gregg Petty, DPM ("Defendant") has been an individual and citizen

of the state of Texas. Defendant may be served with process at 5510 Summerhill Road, Texarkana, Texas 75503.

III.

Defendant's acts and omissions giving rise to Plaintiff's claims herein occurred in Texarkana, Bowie County, Texas. Venue is therefore proper in this Court pursuant to 28 U.S.C. 1391(b)(2). Further, Defendant resides in this district and venue is proper pursuant to 28 U.S.C. 1391(b)(1).

IV.

FACTUAL BACKGROUND

In the Spring of 2007, Plaintiff was experiencing a burning sensation between the toes of her right foot when she walked. Plaintiff sought treatment from Defendant, who is a podiatrist.

V.

Defendant performed several surgical procedures on Plaintiff which were unnecessary and which caused serious damage to Plaintiff's right foot.

VI.

On July 14, 2011, Defendant performed multiple surgical procedures on Plaintiff's right foot, including:

1. Austin/Akin bunionectomy with k-wire fixation;

2. Removal of bone spur;

3. Dorsal V osteotomy, 2nd metatarsal;

    4.       Tenotomy capsulotomy of the 4th metatarsal; and

    5.       Reverse Wilson bunionectomy with partial 5th metatarsal head resection.

Prior to performing these procedures, Defendant described them as a minimal incision procedure and one from which Plaintiff would quickly recover. Defendant failed to disclose risks and hazards that would have influenced a reasonable person in making a decision to give or withhold consent for the procedure.

VII.

As a result of the surgical procedures performed on Plaintiff's right foot by Defendant on July14, 2011, Plaintiff sustained serious and permanent injuries to her right foot. The bones in her foot failed to heal properly, requiring multiple surgical procedures by other physicians in an attempt to correct and treat the damages caused by Defendant's negligence.

VIII.

CAUSE OF ACTION

NEGLIGENCE

Plaintiff will demonstrate that Defendant failed to carry out his medical responsibilities in accordance with acceptable standards of medical practice, thereby proximately causing injuries to Plaintiff and her resulting damages, for which Defendant is liable. Defendant failed to adhere those standards of care in the following respects:

    a.       Performing unnecessary surgical procedures without first attempting non-operative treatment modes;

    b.    Failing to use ordinary care in the performance of the surgical procedures on July 14, 2011, which resulted in permanent malalignment of Plaintiff's right foot and the failure of bones in her foot to heal;

    c.    Failing to adequately disclose the risks and hazards associated with the procedure performed on July 14, 2011 that could have influenced a reasonable person from making a decision to give or withhold consent.

    d.    Failing to diagnose abnormal bone healing in the post operative phase of Plaintiff's recovery;

    e.    Failing to interdict or otherwise treat the abnormal bone healing in Plaintiff's right foot following the surgical procedures on July 14, 2011.

These acts and omissions, singularly or in combination with others, constitutes negligence which proximately caused the occurrence made the basis of Plaintiff's action and her injuries and damages.

IX.

EXEMPLARY DAMAGES

The acts and/or omissions of Defendant described above where of such a character as to make Defendant guilty of gross negligence. The conduct of Defendant, viewed objectively from the standpoint of the Defendant at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of potential harm to others. Moreover, the Defendant engaged in conduct with conscious indifference to the right to safety and/or welfare of others, despite the Defendant's actual, subjective awareness of the risk involved. Therefore Plaintiff is entitled to recover exemplary damages and seeks exemplary damages in an amount to be found by the trier of

fact that is sufficient to deter this type of conduct in the future.

## X.

## DAMAGES

The injuries sustained by Plaintiff were a direct and proximate result of the negligence of Defendant and such negligence was the proximate cause of the injuries and resulting damages to Plaintiff complained of herein, for which Defendant is liable.

## XI.

Plaintiff has suffered severe pain and anguish and will continue to suffer pain and anguish in the future.  Plaintiff has suffered permanent disfigurement.  Plaintiff has also incurred significant medical expenses and will continue to incur such expenses in the future.  The precise amount of Plaintiff's damages are unknown at this time, but with that said, damages are within the jurisdictional limits of this Court, and upon trial Plaintiff should be awarded fair and reasonable damages as determined by the jury.

## XII.

## NOTICE

Pursuant to Section 74.051 of the Texas Civil Practice and Remedies Code, written notice of the assertion of a healthcare liability claim was sent certified mail, return receipt requested to the Defendant.  Plaintiff believes the Defendant had actual knowledge of the existence of this claim for more than sixty (60) days prior to the filing of this action.

XIII.

Plaintiff requests and hereby claims pre-judgment and post-judgment interest as provided by law.

XIV.

JURY DEMAND

Plaintiff requests that a jury be convened to try the factual issues in this case.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court issue summons for Defendant to appear, and upon final hearing that Plaintiff have judgment against Defendant for all damages as set forth herein, and for all other such relief to which Plaintiff may show herself to be justly entitled.

September 20, 2013

Respectfully submitted,

MERCY ✶ CARTER ✶ TIDWELL, L.L.P.
1724 Galleria Oaks Drive
Texarkana, Texas 75503
(903) 794-9419 - Telephone
(903) 794-1268 - Facsimile


 /s/ W. David Carter
W. David Carter, TSB No. 03932780

Attorney for Plaintiff Doris Riddick